IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAUREE JANKOWSKI,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>FEDERAL BUREAU OF INVESTIGATION, and CHRISTOPHER WRAY, Current Director of the FBI;<br><br>　　　　　Defendants. | 4:23CV3104<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Lauree Jankowski filed a Complaint on June 7, 2023, while she was incarcerated. Filing No. 1. Plaintiff was subsequently released and given leave to proceed in forma pauperis as a non-prisoner on October 24, 2023. Filing No. 12. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.  SUMMARY OF COMPLAINT**

Plaintiff brings this action against the Federal Bureau of Investigation ("FBI") and the current Director of the FBI, Christopher Wray ("Wray"), pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Filing No. 1 at 1. Plaintiff alleges "the FBI, by negligence and intentional maliciousness, has committed acts against me personally to violate my constitutional rights and has recklessly caused me irreparable mortal harm." *Id.* (spelling corrected).

Plaintiff's Complaint is written in narrative form with scant factual allegations, but, as best the Court can tell, Plaintiff alleges she has "been a victim of the FBI in a secret

'COINTELPRO'-like [surveillance] operation based on [her] personal beliefs." *Id*. at 5. Plaintiff has "filed many reports to [the] FBI regarding [her] distress, including online filing, verbal complaint via phone call, and in-person reports. . . . and any other accessible means of contact made accessible by the FBI for reporting purposes to request help." *Id*. at 2. She has also "made repeated written and signatured requests to the FBI to declassify any and all information that [has] been retained on [Plaintiff] by the FBI," but the FBI "has consistently failed to appropriately respond to these requests, generally outright ignoring them." *Id*. at 5–6. Plaintiff appears to claim that "[e]very single report has been treated with retributive negative reporting, reckless disregard for truth, belligerence, harassment, malicious stalking in the guise of surveillance, rape, sexual assault, psychological torture, interference in my personal family life, romantic manipulation, and rampant and repeated police brutality with no means of accountability." *Id*. at 4 (spelling corrected).

> Plaintiff asserts that the FBI's
>
> intentional mishandling of [her] information, and the withholding of information pertinent to [her] life, safety, and wellbeing, alongside my status as an American Citizen . . . has cost [Plaintiff her] civil liberties and rights as a free person, [her] freedom as an unconfined person, loss of [her] chosen career, [her] home, [her] family, [her] credibility, [her] public trust, and even [her] physical health, slandered [her] integrity, exploited [her], and caused [her] severe personal mental, emotional and physiological damages resulting in permanent injury and disability. [Her] current situation is perpetually life-threatening.

*Id*. at 7.

As relief, Plaintiff asks for "the full and uncensored record of [her]self, and members of [her] immediate family, both living and deceased, of whom the FBI has included in secret operations to be immediately declassified, and records thereof to be

2

released for [her] personal purview." *Id*. at 8. The records Plaintiff seeks also include reports she has written and submitted to the FBI, records of her personal interactions with the FBI, and any "communications in regards to the assessments of these reports and interactions." *Id*. Plaintiff also requests disclosure of the "identities of individuals who have intentionally perpetuated harm upon [her], within any and all Federal State, local, municipal, or independent capacities, acting on behalf of the FBI" or with the FBI's knowledge or at the FBI's direction. *Id*. at 9. Plaintiff also seeks preliminary injunctive relief in the form of "a formal acknowledgement of damages by the FBI and apology," and a "prohibition against the FBI, and any Law Enforcement agency under purview of the FBI from committing any further harm or damages against [Plaintiff] or [her] immediate biological relations, or descendants." *Id*. at 10.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be

dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also* *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

Liberally construed, Plaintiff sues the FBI and its director, Wray, under *Bivens* and the FOIA for failing to provide Plaintiff with records she believes the FBI possesses as a result of a secret surveillance operation against Plaintiff. For the reasons that follow, Plaintiff's allegations fail to establish that she is entitled to relief upon either her *Bivens* or FOIA claim.

**A. *Bivens***

Plaintiff sues the FBI and Wray under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] The FBI is a federal agency, and, as

---

[1] *Bivens* actions are implied causes of action for damages against federal government officials in their individual capacities for constitutional violations. *Carpenter's Produce v. Arnold*, 189 F.3d 686, 687 (8th Cir. 1999). In *Bivens*, the United States Supreme Court recognized an implied cause of action for damages

4

such, Plaintiff cannot recover against the FBI for its alleged violation of her constitutional rights. *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) (holding a *Bivens* cause of action cannot be brought against a federal agency). Because Plaintiff did not "expressly and unambiguously" state that Wray is sued in his individual capacity, the Court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Thus, any claim against Wray in his official capacity is a claim against the United States. *Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993). "Sovereign immunity bars claims against federal officials in their official capacity unless a waiver is unequivocally expressed by Congress." *Id*. With respect to constitutional tort claims brought against the United States or its agencies, Congress has not waived sovereign immunity. *F.D.I.C. v. Meyer*, *supra*. Thus, Plaintiff cannot recover against the United States under *Bivens* because the federal government and its agencies are immune from any such suit. *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982) ("*Bivens* and its progeny do not waive sovereign immunity for actions against the United States; it implies a cause of action only against federal officials.").

**B. FOIA**

Pursuant to the FOIA, Plaintiff seeks the release of records about her and her family that she believes the FBI possesses due to a secret surveillance operation.

> Under FOIA, federal agencies are required to release government records to the public upon request, subject to nine listed exceptions. *See* 5 U.S.C. § 552(b). To prevail in a FOIA case, the plaintiff must show that an

---

against federal officers alleged to have violated the petitioner's Fourth Amendment rights. The Court subsequently found the "*Bivens*" remedy available for violations of an individual's rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 17–19 (1980), and the Due Process Clause, *Davis v. Passman*, 442 U.S. 228, 230 (1979). *See Hui v. Castaneda*, 559 U.S. 799, 803 n.2 (2010) (summarizing applicability of *Bivens*). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017).

5

> agency has (1) improperly (2) withheld (3) agency records. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (internal citations omitted). Injunctive relief for the improper withholding of records is the sole remedy under FOIA and only those records may be produced. *See* 5 U.S.C. § 552(a)(4)(B).

*Hensley v. United States Dep't of Just.*, No. 4:22-CV-00879-JM, 2022 WL 16575321, at *2 (E.D. Ark. Nov. 1, 2022).

Here, though Plaintiff alleges she has submitted repeated requests to the FBI "to declassify" any information retained by the FBI on Plaintiff, Filing No. 1 at 5–6, Plaintiff does not allege facts suggesting she has submitted a FOIA request for the records she seeks or that she has exhausted her administrative appeals, a prerequisite for bringing a FOIA suit. *See Brumley v. U.S. Dep't of Labor*, 767 F.2d 444, 445 (8th Cir. 1985). Thus, Plaintiff's Complaint fails to state a FOIA claim upon which relief may be granted.

### C.  Complaint is Factually Frivolous

Not only does Plaintiff's Complaint fail to state a claim upon which relief may be granted under either *Bivens* or the FOIA, but the Court finds Plaintiff's vague and conclusory allegations of the unspecified harm she has suffered due to the FBI's acts are wholly unsupported by specific facts and do not appear to be based in reality. Plaintiff's allegations that she has been the subject of a secret surveillance operation by the FBI "rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), and the Court concludes Plaintiff's Complaint should be dismissed as factually frivolous under 28 U.S.C. § 1915(e). *See Wells v. F.B.I.*, No. 4:12CV1200 JCH, 2012 WL 2905131, at *1 (E.D. Mo. July 16, 2012) (dismissing in forma pauperis complaint where "factual allegations in the complaint are obviously derived from a delusional paranoia").

6

IT IS THEREFORE ORDERED that:

1. The Complaint, Filing No. 1, is dismissed without prejudice as frivolous.

2. The Court will enter judgment by separate document.

Dated this 10th day of December, 2024.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge